UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAYMOND H. KIMBLE, III                          CIVIL ACTION

VERSUS                                          NO. 18-7918

LEXUS OF NEW ORLEANS ET AL.                     SECTION "S" (2)

### SUPPLEMENTAL REPORT AND RECOMMENDATION; ORDER AND REASONS ON MOTIONS

This is a Section 1983 action brought pro se by a prisoner. After dismissal of most of plaintiff's claims by a United States District Judge in the Middle District of Louisiana, the sole remaining claim alleging constitutionally inadequate medical care at the Jefferson Parish Correctional Center ("JPCC") in Gretna, Louisiana, was transferred to this court.

On January 11, 2019, I issued a report and recommendation that the remaining claim and the complaint be dismissed. Record Doc. No. 45. On the same day that I issued the report and recommendation, plaintiff filed a "supplemental complaint," without seeking or first obtaining leave to do so. Record Doc. No. 46. The district judge referred it to me "for a supplemental report and recommendation." Record Doc. No. 49. Since that time, plaintiff has also filed motions (1) to appoint a special monitor and (2) for class action status. Record Doc. Nos. 52, 53.

### I.    SUPPLEMENTAL REPORT AND RECOMMENDATION

Like the original and amended complaints, the "supplemental complaint" concerns the condition and treatment of plaintiff's left eye, which he alleges was "becoming more and more inflamed and irritated." Record Doc. No. 46 at p. 1. Plaintiff states in pertinent

part: "I was seen around 12/1/2018 by Ms. Quinn-Stevenson. <u>She tried to resolve the issue by ordering a (sic) eye drop (artificial tears) with more lubricant. It was a joint agreement.</u> The eye drop solution was never sent to me, to my understanding the pharmacy never received the eye drops. On 1/8/2019 I was seen by Ms. Alexander. I informed her of the situation. She reviewed my medical records and the document sent from the ophthalmologist at University Medical Center, New Orleans. It was ordered when I was seen by the ophthalmologist for me to put artificial tears in my eye 6–8 times a day or as needed as well as to receive lubricant eye ointment to be put in my left eye at night. <u>On 1/8/2019 Ms. Alexander ordered the lubricant eye ointment, which I received on 1/9/2019.</u>" <u>Id</u>. (emphasis added).

For the same reasons and based upon the same case law citations contained in the original report and recommendation, Record Doc. No. 45 at pp. 11–19, I again find that the supplemental complaint, even if leave to file it were granted, fails to state a cognizable claim of violation of plaintiff's constitutional rights upon which relief might be granted. JPCC medical personnel responded to plaintiff's requests for medical attention that are the subject of the supplemental complaint, and he was seen by JPCC medical personnel, Ms. Quinn-Stevenson, on December 1, 2018. Plaintiff concedes that she tried to resolve the issue, but the new eye drops she ordered apparently were not received by the pharmacy. He was seen again by JPCC medical personnel, Ms. Alexander, about five weeks later on

January 8, 2019. When plaintiff reiterated his complaint, Ms. Alexander reordered the lubricant, which plaintiff acknowledges he received on the next day, January 9, 2019.

Given these allegations, plaintiff cannot conceivably establish the deliberate indifference component of a Section 1983 medical care claim. See Record Doc. No. 45, cases cited at pp. 13–15 concerning deliberate indifference. At most, his allegations amount to negligence by the pharmacy in not obtaining the new eye drops originally ordered by Ms. Quinn-Stevenson or mere delay in the delivery of his new eye drops about five weeks after they were originally ordered, but only one day after they were reordered by Ms. Alexander. See Record Doc. No. 45, cases cited at pp. 18–19. As to the delay of five weeks between the ordering of his new eye drops and their actual receipt, contentions like Kimble's that amount to a mere disagreement with the speed, quality or extent of medical treatment or even negligence do not give rise to a Section 1983 claim. Mere delay in receiving care is not in and of itself a constitutional violation. Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006); Mendoza v. Lynaugh, 989 F.2d  191, 195 (5th Cir. 1993); Wesson v. Oglesby, 910 F.2d 278, 284 (5th Cir. 1990).  Regardless of the length of delay, plaintiff at a minimum must show deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 298 (1991).  No such showing can be made in this case in light of the medical attention plaintiff received. "[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not." Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999) (citation

omitted) (active treatment of prisoner's serious medical condition, which ultimately resulted in death, does not constitute deliberate indifference, even if treatment was negligently administered); accord Rowe v. Norris, 198 Fed. Appx. 579, 2006 WL 2711945, at *2 (8th Cir. 2006) (no constitutional violation when inmate disagreed with physician's choice of medication); Marksberry v. O'Dea, 173 F.3d 855, 1999 WL 98533, at *2 (6th Cir. Jan. 28, 1999) (plaintiff who alleged inadequate treatment for broken hand failed to state constitutional violation, when he was examined by physician and received x-rays and medication); Williams v. Browning, 2006 WL 83433, at *1, *3 (S.D. Tex. Jan. 11, 2006) (inmate with diabetes, hypertension, anxiety and chronic knee ailment who alleged that he was unable to obtain his medications timely, but did not establish any substantial harm from the delay, failed to state a claim for deliberate indifference).

Even if allowed to be filed, plaintiff's supplemental complaint fails to state a claim of violation of his constitutional rights. Because his claims are constitutionally meritless, his motions to appoint a special monitor and for class action status, Record Doc. Nos. 52 and 53, should be denied, and his complaint dismissed for failure to state a claim and/or as legally frivolous. His appropriate remedy remains a state law negligence or malpractice action filed in the state court.

II.    ORDER AND REASONS ON "SUPPLEMENTAL COMPLAINT"

The Clerk has classified plaintiff's subject submission as a motion for leave to file a supplemental complaint. Plaintiff has already been allowed previously to amend and/or

supplement his complaint. Record Doc. Nos. 32, 33. Accordingly, he may <u>not</u> amend or supplement it again without first obtaining the consent of all parties or leave of court. Fed. R. Civ. P. 15(a)(2). All parties have not consented. Accordingly, construing his submission broadly,[1] like the Clerk, I will similarly address it as a motion for leave to file a supplemental complaint.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. <u>Stripling v. Jordan Prod. Co.</u>, 234 F.3d 863, 872 (5th Cir. 2000) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 524 (5th Cir. 1994); <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.</u>, 195 F.3d 765, 770 (5th Cir. 1999); <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 597–98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." <u>Wimm v. Jack Eckerd Corp.</u>, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel. <u>Smith v.Lonestar Constr., Inc.</u>, 452 F. App'x 475, 476 (5th Cir. 2011).

amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

> As to futility, the Fifth Circuit has held the following:

> It is within the district court's discretion to deny a motion to amend if it is futile. While this court has not specifically defined "futility" in this context, we join our sister circuits that have interpreted it to mean that the amended complaint would fail to state a claim upon which relief could be granted. As these courts have done, to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6).

Stripling, 234 F.3d at 872–73 (5th Cir. 2000) (quotations and citations omitted). Thus, if a proposed amendment to a complaint fails to state a claim upon which relief may be granted, it is futile, and the amendment should not be allowed.

For the same reasons discussed above and in the original report and recommendation, the allegations contained in the supplemental complaint fail to state a cognizable Section 1983 claim. Accordingly, plaintiff's motion to file a supplemental complaint is futile and is therefore DENIED.

## **RECOMMENDATION**

For all of the reasons set out in the original and supplemental reports and recommendations, it is again **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1), and that his motions (1) to appoint a special monitor and (2) for class action status be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this ___28th___ day of February, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.